■ WILLIAM V. CUDDY, Respondent, v. UNIVERSAL CONSOLIDATED INDUSTRIES, INC., Appellant.— In this action to recover moneys alleged to be owing as a termination salary, defendant appeals from an order and judgment (one paper) of the Supreme Court, Westchester County, entered May 25, 1971, granting plaintiff's motion for summary judgment. Order and judgment reversed, on the law, with $20 costs and disbursements, and motion for summary judgment denied. In our opinion, the record establishes that there are issues in this action which should be determined at a trial (cf. *Sillman* v. *Twentieth Century-Fox Film Corp.*, 3 N Y 2d 395, 404; *Millerton Agway Coop.* v. *Briarcliff Farms*, 17 N Y 2d 57, 61). Concerning defendant's affirmative defense that the letter agreement dated December 22, 1966 was conditioned upon and part of an over-all oral understanding that it was to be ineffective if the parties later consummated the stock purchase and repurchase contract referred to in that defense, it is our view that parol evidence may be introduced to support that defense (*Hicks* v. *Bush*, 10 N Y 2d 488, 491; *Hoagland, Allum & Co.* v. *Allan-Norman Holding Corp.*, 228 App. Div. 133, 135). Shapiro, Gulotta, Christ and Brennan, JJ., concur; Hopkins, Acting P. J., concurs in result, with the following memorandum: I agree that there are issues of fact which must be determined at a trial. However, I do not agree that the affirmative defense alleged by defendant concerning the oral understanding as to the stock purchase and repurchase contract would not violate the parol evidence rule.

■ FIRST NATIONAL STATE BANK OF NEW JERSEY, Respondent, v. CRAIGVILLE REALTY CORPORATION, Appellant, et al., Defendants.— In an action to foreclose a real property mortgage, defendant Craigville Realty Corporation appeals (1) from an order of the Supreme Court, Orange County, dated September 24, 1970, which granted plaintiff's motion for summary judgment against said defendant; (2) from so much of a further order of the same court, dated May 18, 1971, as, on reargument, adhered to the original decision; and (3) from the judgment of said court, dated January 4, 1971, granting plaintiff foreclosure and sale of the property. Appeal from order dated September 24, 1970 dismissed as academic. That order was superseded by the order made on reargument. Order dated May 18, 1971 affirmed insofar as appealed from. Judgment affirmed. A single bill of $10 costs and disbursements is awarded to plaintiff to cover all the appeals. In our opinion, the record clearly establishes that Samuel Sudler and David S. Steiner had actual and apparent authority to execute and deliver the subject documents and that Craigville accepted the benefits of the substantial sums of money advanced by plaintiff. When plaintiff bank moved for permission to advance moneys to complete the construction, the opposition affidavit made no claim that the subject public record mortgages and consolidation agreement had been executed without Craigville's authority. Rabin, P. J., Hopkins, Latham, Gulotta and Christ, JJ., concur.