Cooke, J.
 

 Plaintiff, a limited partnership, owns the office building located at 67 Wall Street in New York City. In the late summer of 1969, defendant, in need of additional office space, negotiated a lease for six floors in said structure. The lease, executed on October 20, 1969, contained the following provision denominated as article 41: "Tenant understands that the demised premises are presently occupied by the International Nickel Company, Inc. (TNCO’). INCO has indicated to Landlord that it will vacate the demised premises on or about January 1, 1970. Landlord shall give notice to Tenant promptly after being advised by INCO of the date on which it actually will vacate, but Tenant understands that Landlord does not and cannot guarantee or assure Tenant possession of the demised premises until INCO does actually vacate. If INCO has not vacated the demised premises by August 31, 1970, either party may cancel this lease by giving sixty (60) days notice to the other, and on the date fixed in such notice, this lease shall terminate and expire, both parties shall be relieved of all obligation hereunder and Landlord shall refund to Tenant any rent prepaid by Tenant.” As the premises were not available for occupancy on August 31, 1970, defendant on that day notified the plaintiff that, pursuant to said article, it elected to cancel the lease, effective immediately.
 

 Plaintiff brought this action seeking a declaratory judgment that the lease remain in full force and effect both because the notice of cancellation was improper and defective and because the premises were available to the tenant within 60 days after the purported cancellation, or "cut-off” date. Additionally, plaintiff sought reformation in the event that said article, as
 
 *248
 
 written, was held not to subject the defendant to liability if the premises became available within 60 days of the "cut-off” date.
 

 The trial court held that defendant’s notice of August 31, 1970, electing immediate cancellation of the lease, was legally sufficient under article 41 and therefore effective. On the issue of reformation, the court admitted testimony, offered by plaintiff, relating to the circumstances surrounding the negotiations and execution of the lease, but disallowed such relief, holding that there was neither clear evidence that the parties intended a 60-day "salvage” period, nor evidence of mistake or fraud. Rather, the court indicated that article 41 was an unequivocal agreement to cancel if the premises were unavailable as of August 31, 1970. It noted in passing, that, were there ambiguity, such must be resolved in favor of the defendant and against the plaintiff who drew the instrument.
 

 On review, the Appellate Division acknowledged the trial court’s finding that there was insufficient evidence to ascribe to article 41 the meaning urged by plaintiff and held that, as the findings below rested in large part upon considerations relating to the credibility of the witnesses, they should be accorded the greatest weight, citing
 
 Amend v Hurley
 
 (293 NY 587, 594). In addition, the Appellate Division held that, even if plaintiff’s contentions were to be accepted, plaintiff failed to cure the defect within the 60-day period. One Justice concurred solely on this last point, and another, accepting plaintiff’s view, dissented.
 

 Unlike the trial court, we find article 41 to be ambiguous, susceptible of differing interpretations. Although recognizing the proposition that words are never to be Construed as meaningless if they can be made significant by any reasonable construction
 
 (Matter of Buechner,
 
 226 NY 440, 443;
 
 Allen v Forsyth, 25
 
 NYS2d 822, 825;
 
 R. I. Realty Co. v Terrell,
 
 254 NY 121, 124), we also recognize that if several such constructions are possible, the court can look to the surrounding facts and circumstances to determine the intent of the parties
 
 (O’Neil Supply Co. v Petroleum Heat & Power Co.,
 
 280 NY 50, 55-56;
 
 St. Regis Paper Co. v Hubbs & Hastings Paper Co.,
 
 235 NY 30, 35-36;
 
 Lamb v Norcross Bros. Co.,
 
 208 NY 427, 431;
 
 Levinson v Shapiro,
 
 238 App Div 158, 160, affd 263 NY 591; 4 Williston, Contracts, § 618). Thus, while the parol evidence rule requires the exclusion of evidence of conversations, negotiations and agreements made prior to or contemporaneous with the execu
 
 *249
 
 tion of a written lease which may tend to vary or contradict its terms
 
 (Newburger v American Sur. Co.,
 
 242 NY 134, 142), such proof is generally admissible to explain ambiguities therein
 
 (O’Neil Supply Co. v Petroleum Heat & Power Co., supra; Kalmon Dolgin Co. v Walnut Lanes,
 
 27 AD2d 843;
 
 Smathers v Standard Oil Co. of N. Y.,
 
 199 App Div 368, 371, affd 233 NY 617;
 
 Anchin, Block & Anchin v Pennsylvania Coal & Coke Corp.,
 
 284 App Div 940, 941, affd 308 NY 985). Despite the fact that the Trial Justice found no ambiguity, it took evidence and made findings relating to the facts and circumstances surrounding the negotiation and execution of the lease. The Appellate Division passed on those factual findings and they are beyond the scope of our review.
 

 Supreme Court properly referred to the rule that in cases of doubt or ambiguity, a contract must be construed most strongly against the party who prepared it and favorably to a party who had no voice in the selection of its language (4 Williston, Contracts, § 621; 10 NY Jur, Contracts, § 223). The record reflects that the lease, including the disputed article, was drawn by an experienced real estate lawyer and a partner of plaintiff. Thus, said instrument, under the circumstances shown in the record, is to be construed in favor of the lessee and any ambiguity is to be resolved in its favor.
 

 It is well settled that no additional liability or requirement will be imposed upon a tenant by interpretation unless it is clearly within the provisions of the instrument under which it is claimed
 
 (455 Seventh Ave. v Hussey Realty Corp.,
 
 295 NY 166, 172).
 

 For the reasons stated, the order of the Appellate Division should be affirmed.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
 

 Order affirmed, with costs.