**Hugo RALLI, Plaintiff,**

v.

**TAVERN ON THE GREEN and Warner Le Roy, Defendants.**

No. 82 Civ. 3375(MEL).

United States District Court,
S.D. New York.

July 7, 1983.

**330**

Scoppetta & Seiff, New York City, for plaintiff; Abigail Pessen, New York City, of counsel.

Scolari, Brevetti, Goldsmith & Weiss, P.C., New York City, for defendants.

LASKER, District Judge.

This is an action seeking damages for an alleged breach of an employment contract. Hugo Ralli (Ralli) moves for an order pursuant to Fed.R.Civ.Pro. 56 granting summary judgment in his favor. Tavern on the Green (TOG) and Warner LeRoy (LeRoy) move for leave to assert a counterclaim pursuant to Fed.R.Civ.Pro. 13(f).

The following facts are undisputed. During the spring of 1977, Ralli was hired by managing partner LeRoy to be the general manager of the TOG. A letter purporting to outline the agreement between the parties, dated June 13, 1977 and signed by LeRoy stated in part:

"This is to confirm our understanding that you will begin work at Tavern on the Green on July 18, 1977. The basic terms of your employment are as follows:

1. Although no guarantee is made for the length of your employment, we do agree, providing you meet the minimum requirements of the job such as showing up sober and making an effort, that in the event it is necessary to dismiss you, you would receive 4 months severance salary. (This is the basic salary and does not include bonus payments).

2. You will be paid

a. a salary of $37,000 per year, payable weekly.

b. an expense account of $3,000 for properly submitted bills (if you do not have expenses, this money will be paid to you as additional salary)

c. During your employment, the $40,000 referred to above, will be against (not in addition to) 8.5% of the profit of Tavern on the Green, with a total limit of $75,000 per year."

A further letter dated June 15, 1977, from LeRoy to Ralli, stated:

"This is to further [sic] modify the memo of June 14, 1977:

1. In addition to the 4 months salary you will receive in case things do not work out, we will also continue our health insurance for 4 months."

On July 18, 1977, Ralli commenced his duties as general manager of TOG. Each October during Ralli's employment, he met with LeRoy to negotiate a new compensation package. Each compensation package exceeded the $75,000 limit set forth in the June 13th letter. There were no discussions regarding severance pay at the October meetings.

In November of 1981, Ralli was discharged from TOG. At the time of Ralli's termination, his salary had increased to $41,840 and his expense account to $9,640. In addition, he was paid $97,502 in profit sharing for the period beginning September 29, 1980 and ending September 27, 1981.

After his termination, Ralli met with LeRoy and asserted a claim to four months' severance pay. LeRoy rejected Ralli's claim. Although there is some controversy as to what occurred next, it is undisputed that LeRoy offered to pay Ralli the equivalent of one month's severance salary. On January 7, 1982, Ralli picked up a check in the amount of $3,206.76 from Alan Garmise, the comptroller of TOG. Ralli has transmitted the check to his attorneys, and it has

not been negotiated, nor has it been returned to TOG.

On May 24, 1982, Ralli brought this action against TOG and LeRoy to compel them to comply with the terms of the severance clause, and for damages in the amount of $17,160. Ralli argues that he is entitled to summary judgment because TOG's and LeRoy's promise to pay him four months' severance salary is plain and unambiguous, and was never modified.

TOG and LeRoy answer that there are several issues of material fact before the court which preclude the grant of summary judgment. First, TOG and LeRoy maintain that the severance provision was intended to be operative for a limited duration only. LeRoy testified at his deposition that, during negotiations over the terms of Ralli's employment, Ralli expressed concern about the possibility of being dismissed before accumulating any substantial amount from the profit-sharing plan. According to LeRoy, Ralli asked for the severance provision as protection in case there was immediate dissatisfaction with his work. (Deposition of Warner LeRoy, P. 21.) TOG and LeRoy seek to introduce parol evidence to show that the severance provision was conditioned upon an oral understanding that it was to be effective only for a short period of time.

Alternatively, TOG and LeRoy submit that Ralli has no contractual right to severance pay because the June 13, 1977 letter agreement was substantially modified during the course of the employment relationship. TOG and LeRoy assert that the severance provision and Ralli's total compensation package were so intertwined that Ralli's acceptance of a new compensation package each October resulted in a modification of the severance provision as well.

Finally, TOG and LeRoy argue that Ralli's retention of the $3,206.76 check is an executed accord and satisfaction which bars him from pursuing a claim for four months' severance salary.

## I.

■ Where the language employed in a contract is ambiguous or equivocal, the parties may submit parol evidence concerning the facts and circumstances surrounding the making of the agreement in order to demonstrate the intent of the parties. *Airco Alloys Division v. Niagara Mohawk Power, 76 A.D.2d 68, 430 N.Y.S.2d 179 (App.Div. 1980) citing 67 Wall St. Co. v. Franklin Nat. Bank,* 37 N.Y.2d 245, 371 N.Y.S.2d 915, 333 N.E.2d 184 (1975). Questions of contract interpretation should not be resolved as a matter of law when determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences. *Hartford Acc. & Ind. Co. v. Wesolowski,* 33 N.Y.2d 169, 350 N.Y.S.2d 895, 305 N.E.2d 907 (1973).

■ Ralli's motion for summary judgment is denied. The letter agreements upon which Ralli bases his claim are not documents drafted by attorneys, but informally written expressions of the parties' understandings. Although the letter agreements contain no express limitation on the promise to pay four months' severance salary, they do include the following phrases: "although no guarantee is made for the length of your employment" and "in case things do not work out." Inclusion of these phrases create ambiguity in the letter agreements sufficient to raise an issue of fact concerning the parties' intent with respect to the effectiveness of the severance clause. Parol evidence is admissible to support TOG's and LeRoy's allegations that there was an oral understanding that the promise to pay Ralli four months' severance salary upon termination was to be effective for a limited duration only. *See Cuddy v. Universal Consolidation Industries, Inc.,* 38 A.D.2d 971, 331 N.Y.S.2d 790 (App.Div.1972) and cases cited therein.

■ Turning to TOG's and LeRoy's contention that the original letter agreement has been modified by subsequent agreements, there is no doubt that the $75,000 limitation on compensation contained in the June 13th letter has been modified by the parties' behavior. *See Martin v. Peyton,*

246 N.Y. 213, 158 N.E. 77 (1937). The effect of such modification may be to produce a new contract which would consist not only of the new terms agreed upon, but also of as many of the terms of the original contract that the parties did not abrogate by their modification. *Millet v. Slocum,* 4 A.D.2d 528, 167 N.Y.S.2d 136 (App.Div. 1957). On the record, it is impossible to determine whether or not the severance provision survived modification of the $75,-000 limitation on compensation. The parties are entitled to introduce evidence at trial to show whether they intended to link the severance provision to Ralli's total compensation package.

■ With respect to TOG's and LeRoy's argument that Ralli's retention of the check for $3,206.76 constituted an accord and satisfaction, it is established that an essential component of an accord and satisfaction is a clear manifestation of intent by a debtor tendering less than full payment of a disputed unliquidated debt, that payment has been made in full satisfaction of the disputed claim. *Manley v. Pandick Press, Inc.,* 72 A.D.2d 452, 424 N.Y.S.2d 902 (App.Div.1980). Here, there was no indication on the face of the check that it was being offered in full satisfaction of Ralli's claim to severance pay. In the absence of unequivocal language expressing any such intent, the question of whether the action of the parties constituted an accord and satisfaction is an issue for trial.

## II.

TOG and LeRoy move pursuant to Fed.R. Civ.Pro. 13(f) for leave to set forth a counterclaim. TOG and LeRoy allege that in preparation for the trial of the case, they discovered that Ralli acted outside the scope of his authority and arranged a banquet at TOG for an organization at a price of $13,-322.74, which TOG and LeRoy allege was $5,000 below TOG's regular billing rate. The organization has paid $7,300 to TOG and still owes TOG a balance of $6,022.74. TOG and LeRoy assert that Ralli is liable for that balance, in addition to the $5,000,

because he falsely represented that the organization was creditworthy.

Ralli opposes the motion for leave to set forth a counterclaim on ground that it is untimely, prejudicial, and lacking in merit.

■ Rule 13(f) provides that a pleader may, by leave of court, set up a counterclaim by amendment if the counterclaim was omitted through "oversight, inadvertence, or excusable neglect, or when justice requires." Addition of a counterclaim is within the court's discretion and is generally permitted if it will not prejudice plaintiff or entail additional discovery which might delay the trial. *Chrysler Corp. v. Fedders Corp.,* 540 F.Supp. 706 (S.D.N.Y.1982).

■ The issues raised by TOG's and LeRoy's counterclaim are factually remote from Ralli's claim to four months' severance pay. With respect to Ralli's claim, discovery has been completed and the case is ready for trial. Permitting the assertion of the counterclaim at this late date would cause delay attributable to discovery of TOG's business practices with respect to booking banquets and the scope of Ralli's managerial duties. Accordingly, the motion to allege a counterclaim is denied on condition that Ralli submit a stipulation within 10 days relating to TOG's and LeRoy's counterclaim. Such stipulation tolls all statute of limitation defenses for the period between the filing of the motion to allege a counterclaim and 30 days following the date of this decision.

\*  \*  \*  \*  \*  \*

Ralli's motion for summary judgment is denied. TOG's and LeRoy's motion to assert a counterclaim is denied.

It is so ordered.