**AMERICAN HOME PRODUCTS CORPORATION, Plaintiff,**

v.

**KEY PHARMACEUTICALS, INC., Defendant.**

No. 84 Civ. 4167 (EW).

United States District Court, S.D. New York.

Dec. 4, 1984.

———

Donovan, Leisure, Newton & Irvine, New York City, for plaintiff; Louis C. Lustenberger, Jr., Howard R. Reiss, Joseph L. Clasen, III, New York City, of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant; Arthur L. Liman, Steven E. Landers, Bruce Birenboim, New York City, of counsel.

Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A., Miami, Fla., for defendant; Bruce W. Greer, Peter W. Homer, Miami, Fla., of counsel.

OPINION

EDWARD WEINFELD, District Judge.

The defendant, Key Pharmeceuticals, Inc. ("Key"), moves pursuant to 28 U.S.C. § 1404(a) to transfer this diversity action to the Southern District of Florida. Because this action centers about events that occurred in the proposed transferee district, where nearly all of the witnesses having firsthand knowledge of those events reside, defendant's motion is granted.

American Home Products Corporation ("American Home"), a Delaware corporation with its principal place of business in New York City, and Key, a Florida corporation, entered into agreements whereby Key was to develop two transdermal drug products for use in treating certain heart ailments. American Home was to provide Key with funds "for Key's costs directly attributable to development" of the transdermal products.

American Home commenced this action against Key upon allegations that as required under the contracts it advanced one-half the funds ($885,000.) upon the execution of the contracts; that it terminated the contracts because Key failed to meet the developmental goals specified therein; that Key has not spent all the funds advanced to it; and that American Home is entitled to the return of. the unexpended funds. The defendant denies that it has not spent all the funds and disputes that it is required under the contracts to return any alleged unexpended sums.

There is no dispute that, as section 1404(a) requires, the action "might have been brought" in the Southern District of Florida, where Key maintains its principal

place of business.[1] Whether a transfer to that district is appropriate depends upon the balance of the familiar factors to be considered on a section 1404(a) motion.[2] The prime and basic issue in the case is the costs necessarily incurred by Key in its efforts to develop the transdermal products. These efforts were carried on at Key's manufacturing and research facility and executive offices in Florida, where all its officers and employees engaged in the project reside (with the exception of two persons, one of whom has since moved to California and the other to Pennsylvania). All progress reports and records of costs were made and are maintained there. Thus, a substantial case has been made for transfer.

Plaintiff, however, seeks to avert such a disposition upon a claim that from time to time as the project proceeded its officials reviewed progress reports prepared by Key and conferred with Key's personnel by telephone and at meetings in New York City and Florida. But the substance of these communications does not bear directly upon the basic issue of costs actually and necessarily incurred by Key in its developmental activities, all of which took place in Florida. American Home executives can testify only to what Key officials advised them about developmental progress and the costs related thereto; they are without firsthand knowledge on these vital matters.

So, too, the fact that American Home officials who participated in the negotiations leading to the contracts are located in New York City is of no special significance on this motion. As both sides acknowledged at oral argument, the contracts make no express provision for unspent funds. Nevertheless, even assuming the trial court would accept testimony as to whether the contracts require Key to return unspent funds, ordinarily an issue of law,[3] neither side can claim that its personnel have a monopoly on relevant firsthand knowledge since both sides participated in the negotiations. More importantly, resolution of this issue is likely to require the testimony of only a few individuals, those who actually conducted the negotiations, and their testimony is likely to be brief and narrow in scope in comparison to that relating to the issue of work performed and costs incurred by Key pursuant to the contracts.

The convenience of witnesses, the most significant factor to be considered,[4] strongly favors transfer of the action to the Southern District of Florida. Accordingly, the defendant's motion is granted.

So ordered.

---

1. *See* 28 U.S.C. § 1391(a), (c).

2. *See Schneider v. Sears,* 265 F.Supp. 257, 263 (S.D.N.Y.1967).

3. Under New York law, it is generally the responsibility of the Court to interpret written instruments. *See Hartford Acc. & Indem. Co. v. Wesolowski,* 33 N.Y.2d 169, 171–72, 305 N.E.2d 907, 909, 350 N.Y.S.2d 895, 898 (1973); *Cale Dev. Co. v. Conciliation & Apps. Bd.,* 94 A.D.2d 229, 234, 463 N.Y.S.2d 814, 817 (1st Dep't 1983), *aff'd,* 61 N.Y.2d 976, 463 N.E.2d 619, 475 N.Y.S.2d 278 (1984) (mem.). However, the parol evidence rule would permit the parties to offer extrinsic evidence of their intentions regarding an aspect of their agreement as to which their writing is silent or ambiguous. *See Schering Corp. v. Home Ins. Co.,* 712 F.2d 4, 9 (2d Cir. 1983); *Musifilm, B.V. v. Spector,* 568 F.Supp. 578, 582 n. 4 (S.D.N.Y.1983); *67 Wall St. Co. v. Franklin Nat'l Bank,* 37 N.Y.2d 245, 248–49, 333 N.E.2d 184, 186–87, 371 N.Y.S.2d 915, 918 (1975); *Silverman v. Riker-Maxson Corp.,* 91 A.D.2d 524, 525, 456 N.Y.S.2d 775, 776 (1st Dep't 1982) (mem.).

4. *See Saminsky v. Occidental Petroleum Corp.,* 373 F.Supp. 257, 259 (S.D.N.Y.1974).