The INSURANCE COMPANY OF the STATE OF PENNSYLVANIA and Starr Associates, Inc., Plaintiffs,

v.

J.L. KELLEY, INC., Joseph L. Kelley, and Presidio Insurance Company, Defendants.

No. 83 Civ. 6839(MEL).

United States District Court, S.D. New York.

July 18, 1985.

Michael S. Davis, New York City, for plaintiffs.

Ford Marrin Espositio & Witmeyer, New York City (Elizabeth M. DeCristofaro, New York City, of counsel), for defendants J.L. Kelley Inc. and Joseph L. Kelley.

Davis Markel Dwyer & Edwards, New York City (Jay E. Gerber, New York City, of counsel), for defendant Presidio Ins. Co.

LASKER, District Judge.

This action arises out of an attempt by plaintiffs, the Insurance Company of the State of Pennsylvania and its managing general agent, Starr Associates (hereinafter collectively referred to as "ISOP"), to obtain contracts of reinsurance on a group of its policies. To that end, ISOP engaged an intermediary, J.L. Kelley, Inc. and Joseph L. Kelley (hereinafter collectively referred to as "Kelley"), to find reinsurers willing to purchase shares in a specific group of policies. One of the reinsurers Kelley approached for this purpose was defendant Presidio Insurance Co. (hereinafter referred to as "Presidio"). ISOP sought to recover from Presidio that share of the losses sustained on the policies allegedly covered by the contract of reinsurance with Presidio, and when ISOP's demand for payment received no response, ISOP commenced this suit.

Three motions are now pending. Presidio moves for summary judgment dismissing the complaint on the ground that no reinsurance contract existed between itself and ISOP. ISOP moves for summary judgment, seeking indemnification from Kelley, in the event no contract is found to exist. Kelley moves for summary judgment, claiming that its actions are irrelevant since ISOP's failure to pay any premiums to Presidio caused a breach of any contract alleged. For the reasons set forth below, the motions are denied.

Presidio argues that no contract existed between itself and ISOP because the parties engaged only in a series of counter-offers. To show the absence of a contract, Presidio contends that material differences exist between the two proposals made to it in contemplation of a contract for reinsurance. It appears that these proposals were to form the basis for the terms of the reinsurance contract, yet when approached by Kelley in 1980, the proposal made to Presidio had different terms from the proposal made when Kelley approached Presidio in 1981. In addition, Presidio claims that no formal contract was ever signed and that premiums that would have been owing under a reinsurance agreement were never made.

ISOP moves for summary judgment against Kelley on an indemnity theory in the event it is established that no contract existed between Presidio and ISOP. ISOP asserts that Kelley misrepresented the existence of the contract between Presidio and ISOP, and that Kelley, as intermediary, is liable for indemnification to ISOP for that share of the losses it represented had been undertaken by Presidio.

Kelley opposes ISOP's motion and moves for summary judgment dismissing the complaint, arguing that a contract did in fact exist between ISOP and Presidio, but that ISOP breached this contract due to its failure to pay premiums that were owing under its terms. As a result, Kelley contends that it is not liable for misrepresentation.

All of the above motions are denied because there remain in dispute genuine issues of material fact: specifically, whether a contract was ever entered into by Presidio and ISOP and whether, if such contract did exist, a breach occurred because payment was never made under the contract's terms or pursuant to methods practiced by the industry.

■ The parties dispute whether their negotiations resulted in a contract and the documents submitted create a question of fact as to whether there was a meeting of the minds. While it is possible to grant summary judgment when the parties are in dispute as to whether a contract has been entered into via correspondence, *see, e.g., United States v. Braunstein,* 75 F.Supp. 137 (S.D.N.Y.1947) (offer and acceptance didn't mirror each other, leading the court to grant summary judgment finding that no contract was entered into), in this case, determination of the intent of the parties is necessary to decide whether or not a contract existed because of the ambiguous nature of the correspondence between Presidio and Kelley documenting their negotiations. As in *Ralli v. Tavern on the Green,* 566 F.Supp. 329 (S.D.N.Y.1983), the determination of intent, and therefore of whether a contract exists, "should not be resolved as a matter of law when [it] depends on ... a choice among reasonable inferences." *Id.* at 331.

■ As to Kelley's motion, if the existence of a contract is established, it would seem to be an easy matter to determine whether ISOP made premium payments to Presidio. However, this question is complicated by the fact that ISOP employed accounting procedures which it claims are "typical practice" in the reinsurance industry. These procedures raise a question of fact as to whether payment of the premiums had been made at all. A determination must be made of whether the set-off method of payment described by ISOP is indeed "typical practice" and sufficient to constitute payment of premiums. This determination is not an appropriate one for summary judgment because of its factual nature.

Decision on ISOP's motion for indemnification from Kelley is reserved, pending a determination of whether Presidio and ISOP entered into a contract.

For the foregoing reasons, summary judgment is denied on the motions of Presidio and Kelley and decision is reserved on ISOP's motion for summary judgment against Kelley.

It is so ordered.