■ NONGYAW TRAKANSOOK, Appellant, v NAHAL REALTY CORP., Respondent.—Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered July 25, 1990, which, following a nonjury trial, granted defendant's motion to dismiss the complaint for failure to establish a prima facie case, unanimously affirmed, with costs.

Plaintiff, an owner of several properties, seeks, as buyer, specific performance on a contract for sale of real property, alleging a breach of contract by defendant upon its failure to follow through on an oral representation to convert the building in question to oil heat. Plaintiff contends the court's failure to construe the contract language "working order" to mean a heating system converted to oil use would permit defendant to continue to heat the building with what he alleges is an illegal unmetered gas hookup. Here, the court simply found defendant to be obligated to provide a heating system in "working order". To close title under such a contract would not call for unlawful performance on the part of either party.

The parties' contract simply calls for a heating system in working order. Plaintiff's interpretation of the challenged contract provision unnaturally strains the contract language

used beyond its ordinary meaning *(see, Brainard v New York Cent. R. R. Co.,* 242 NY 125, 133-134). Moreover, inasmuch as a contract provision will be construed most strongly against the party who drafted it *(67 Wall St. Co. v Franklin Natl. Bank,* 37 NY2d 245, 249), the contract should simply be interpreted as requiring that a heating system be provided. Plaintiff has admitted that the building was heated at the various times she inspected the premises in or about the time of the contract signing in 1986. Had plaintiff desired, the contract could have explicitly provided for either conversion to oil heat or the installation of a proper gas meter. We have considered appellant's other arguments and find them to be without merit. Concur—Milonas, J. P., Wallach, Ross, Asch and Smith, JJ.