■ EROL WILSON, Respondent, v COMMERCIAL ENVELOPE MANUFACTURING COMPANY, INC., et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendant. ELM FREIGHT HANDLERS, INC., et al., Third-Party Defendants-Appellants. [730 NYS2d 352] —In an action to recover damages for personal

injuries, the second third-party defendant, Hartford Insurance Company, appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated April 24, 2000, as granted that branch of the cross motion of the defendants first and second third-party plaintiffs, Commercial Envelope Manufacturing Company, Inc., and M.A.S. Boulevard Associates, which was for summary judgment declaring that it is obligated to defend and indemnify M.A.S. Boulevard Associates in the main action, and denied that branch of its separate cross motion which was for summary judgment declaring that it is not so obligated, and the third-party defendant Elm Freight Handlers, Inc., separately appeals, as limited by its brief, from so much of the same order as granted that branch of the cross motion of Commercial Envelope Manufacturing Company, Inc., and M.A.S. Boulevard Associates which was for summary judgment against it on the issue of contractual indemnification.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants first and second third-party plaintiffs-respondents.

The written lease at issue requires Elm Freight Handlers, Inc. (hereinafter Elm), to procure insurance for the benefit of the "owner" of the demised premises, and also to indemnify the "owner" in a situation such as the instant one. The lease clearly and unambiguously defines the term "owner" as, *inter alia*, "the owner of the fee" of the demised premises. Since M.A.S. Boulevard Associates (hereinafter MAS) owns the demised premises, Elm's obligations to procure insurance for the benefit of MAS and to indemnify MAS is "clearly within the provisions of the instrument" (*67 Wall St. Co. v Franklin Natl. Bank,* 37 NY2d 245, 249). Accordingly, the Supreme Court correctly granted that branch of the cross motion of MAS which was for summary judgment against Elm on the issue of contractual indemnification. Furthermore, since the insurance contract between Elm and Hartford Insurance Company (hereinafter Hartford) requires Hartford to defend and indemnify "any * * * organization with whom [Elm] agreed, because of a written contract or agreement or permit to provide insurance," the Supreme Court also correctly granted summary judgment declaring that Hartford is obligated to defend and indemnify MAS. S. Miller, J. P., H. Miller, Schmidt and Cozier, JJ., concur.