*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    November 12, 2015                520538
_____

COMMUNITY BANK, N.A., as
    Successor in Interest to
    WILBER NATIONAL BANK,
                    Respondent,

            v                                   MEMORANDUM AND ORDER

ROBERT A. PAUL,
                    Appellant.
_____

Calendar Date:   September 17, 2015

Before:   Peters, P.J., McCarthy, Garry and Rose, JJ.

                        _____


        Gozigian, Washburn & Clinton, Cooperstown (Edward Gozigian
of counsel), for appellant.

        Riehlman, Shafer & Shafer, Tully (Louise M. Thurlow of
counsel), for respondent.

                        _____


Garry, J.

        Appeal from an order of the Supreme Court (Burns, J.),
entered June 4, 2014 in Otsego County, which granted plaintiff's
motion for summary judgment.

        In 2004, defendant signed a loan agreement with Wilber
National Bank that established overdraft privileges with a
$10,000 line of credit upon a checking account.  In 2007,
defendant and another individual executed a second loan agreement
that extended the credit limit to $15,000.  Defendant wrote the
phrase "VP + Treasurer" after his signature on the 2007
agreement, and the other individual wrote the word "President"
after her signature.  Plaintiff thereafter merged with Wilber and

acquired its assets.  In January 2013, plaintiff commenced this action against defendant alleging that he had utilized the line of credit and defaulted in his payments under both agreements. Following joinder of issue, plaintiff moved for summary judgment. Supreme Court granted the motion.  Defendant appeals, and we affirm.

We reject defendant's contention that the loans were intended to be corporate obligations and plaintiff failed to meet the burden of demonstrating, as a matter of law, that defendant is personally liable for them.  "The best evidence of what parties to a written agreement intend is what they say in their writing.  Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569 [2002] [internal quotation marks and citations omitted]; see Ellington v EMI Music, Inc., 24 NY3d 239, 244-245 [2014]).  The 2004 agreement was signed solely by defendant, without any reference to a corporation or other entity.  The terms of the agreement clearly state that defendant is obtaining a loan, that he agrees to all conditions of said loan, and that monies expended by Wilber in payment of any charge against the account "will be considered a loan by [Wilber] to me."

Where, as here, there is a complete, unambiguous agreement, "[e]vidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]; accord Phalen v Vineyard L.V., 256 AD2d 1055, 1056 [1998]).  Consideration of the application that preceded the parties' loan agreement, in which Hot Iron, Inc. is identified as the applicant and defendant as a co-applicant, is thus barred.  Further, even assuming that the agreement had been executed in a manner consistent with the application, such that defendant was identified merely as a co-applicant, he would nevertheless have been personally liable for the full obligation; the agreement specifically provides that "each person signing will be individually responsible for all loans made under this agreement."

As to the 2007 agreement, defendant contends that the parties' intent to make Hot Iron liable for the full line of credit was revealed by the fact that he and the other signatory included their corporate designations.  However, the 2007 agreement does not reference Hot Iron and uses the same unambiguous language as that set forth in the 2004 agreement relative to the individual liability of the signatories.  When a contract uses such unambiguous language to indicate that a corporate officer is assuming personal responsibility for an obligation, the addition of a corporate title following the officer's signature does not create an ambiguity or absolve the officer from liability (see PNC Capital Recovery v Mechanical Parking Sys., 283 AD2d 268, 271 [2001], lv dismissed 96 NY2d 937 [2001], appeal dismissed 98 NY2d 763 [2002]; Crown Tire Co. v Tire Assoc. of Fairport, 177 AD2d 974, 974 [1991]; Chemical Bank v Masters, 176 AD2d 591, 591 [1991]; compare Stuyvesant Plaza v Emizack, LLC, 307 AD2d 640, 641 [2003]).  For the same reasons stated above, the application that preceded the 2007 agreement is inadmissible to vary the unambiguous terms of the agreement.  Accordingly, we find no error in Supreme Court's grant of summary judgment to plaintiff.

Peters, P.J., McCarthy and Rose, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court