Matter of Stephens v New York State Div. of Human Rights (2020 NY Slip Op 06010)





Matter of Stephens v New York State Div. of Human Rights


2020 NY Slip Op 06010


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Oing, JJ. 


Index No. 100699/18 Appeal No. 12163 Case No. 2019-5430 

[*1]In re Karen Stephens, Petitioner-Appellant,
v
New York State Division of Human Rights, et al., Respondents-Respondents.


Karen Stephens, appellant pro se.
James E. Johnson, Corporation Counsel, New York (Claibourne Henry of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered December 20, 2018, denying the petition to vacate the determination of respondent New York State Division of Human Rights (DHR), dated March 27, 2018, which found no probable cause to believe that respondent New York City Human Resources Administration (HRA) had discriminated or retaliated against petitioner in violation of the New York State Human Rights Law, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHR's determination of no probable cause to find that HRA engaged in disability discrimination against petitioner was rationally based in the record and not arbitrary and capricious (see Matter of McFarland v New York State Div. of Human Rights, 241 AD2d 108, 111 [1st Dept 1998]). Petitioner describes her traumatic brain injury condition as an "invisible" or "hidden" disability, meaning that the "symptoms are invisible" and "not immediately apparent." This undermines her interactive dialogue contention, and indeed her disability discrimination and reasonable accommodation claims, since it suggests that it would not have been evident to HRA staff interacting with her that she was in fact disabled. It also does not appear that petitioner ever substantiated her disability for the HRA staff she interacted with, as by presentation of a doctor's note (see Matter of Becerril v New York City Hous. Auth., 168 AD3d 586, 587 [1st Dept 2019]). Nor did petitioner ever demonstrate for HRA that her disability reasonably warranted the accommodation she requested, of expediting her grant application (see id.).
Petitioner's broader disability discrimination claim, namely, her assertion that HRA staff mistreated her and sidetracked her application because of animus against disabled persons, is again undermined by her assertion that her traumatic brain injury is "invisible." Coupled with petitioner's own claim that HRA staff mistreated everyone at the job center, DHR rationally determined that petitioner failed to show that she was treated adversely under circumstances warranting an inference of discrimination (see Askin v Department of Educ. of the City of N.Y., 110 AD3d 621, 622 [1st Dept 2013] ).
DHR likewise rationally determined that HRA did not retaliate against petitioner. HRA's initial denial of her application was not arbitrary, but was accompanied by an explanation that petitioner had "failed federal poverty guidelines." Petitioner points to no evidence that this explanation "was false or pretextual and that discrimination and/or retaliation was the real reason" (Matter of Conte v City of N. Y. Dept. of Sanitation (DSNY), 159 AD3d 640, 641 [1st Dept 2018]). DHR also rationally credited HRA's explanation that it detained petitioner at an HRA job center because the day before she had emailed staff a photograph of six handguns, causing HRA to issue an incident report and directive that she should not be admitted to HRA premises without a prior appointment.
We have considered petitioner's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020