China Privatization Fund (Del.), L.P. v Galaxy Entertainment Group Ltd. (2020 NY Slip Op 06010)





China Privatization Fund (Del.), L.P. v Galaxy Entertainment Group Ltd.


2020 NY Slip Op 06010


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Oing, JJ. 


Index No. 650587/11 Appeal No. 12165 Case No. 2019-1727 

[*1]China Privatization Fund (Del.), L.P., Plaintiff-Appellant,
v
Galaxy Entertainment Group Limited, Defendant-Respondent.


Susman Godfrey L.L.P., New York (Jacob W. Buchdahl of counsel), for appellant.
Tucker & Latifi LLP, New York (S. Robert Schrager of counsel) and Williams & Connolly LLP, Washington, DC (Daniel F. Katz of the bar of the District of Columbia and the State of Missouri, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered January 28, 2019, which, after a nonjury trial, found in favor of defendant and dismissed the complaint, unanimously affirmed, with costs.
In a prior appeal, this Court determined that the disputed language in the subject indenture was ambiguous (China Privatization Fund [Del], L.P. v Galaxy Entertainment Group Ltd., 95 AD3d 769 [1st Dept 2012]). After extensive discovery, the court conducted a bench trial as to the negotiating parties' intent for the conversion price.
Contrary to plaintiff's argument, the trial court considered admissible extrinsic evidence and properly assessed the evidence in reaching its conclusion in defendant's favor. We reject plaintiff's contention that the testimony of William Barron, the deal attorney for the consortium of which plaintiff was a member, was inadmissible because Barron had no recollection of the negotiations and did not know the parties' intent and because his interpretation of the disputed terms constituted "after-the-fact expert testimony that amounted to his personal view about the correct resolution of the parties' dispute." On the contrary, Barron's testimony was based on his participation in the negotiating and drafting of the indenture. Indeed, in a prior appeal from an order granting defendant's motion to continue Barron's deposition, this Court had determined that Barron's "testimony established that he led the team which primarily drafted the indenture . . . and that he was familiar with the intended structure of the indenture and its conversion price provisions" (China Privatization Fund [Del.], L.P. v Galaxy Entertainment Group Ltd., 139 AD3d 449, 449 [1st Dept 2016]). Moreover, during the reopened deposition, Barron testified that he recalled the deal and that, based on his participation in negotiations, it was his understanding that there was a "fixed" floor price.
We also reject plaintiff's contention that certain other testimony and "internal" documents relied on by the trial court constituted inadmissible expressions of "uncommunicated subjective intent" (Wells v Shearson Lehman/American Express, 72 NY2d 11, 24 [1988]; see also LaSalle Bank N.A. v Nomura Asset Capital Corp., 424 F3d 195, 207 n 10 [2d Cir 2005]). Even if some of those witnesses did not personally participate in the negotiations, the voluminous evidence before the court, taken as a whole, overwhelmingly reflects an intent communicated and shared among the parties to use a fixed floor price. The evidence includes Barron's testimony and corroborative written documents and communications made during negotiations (see 67 Wall St. Co. v Franklin Natl. Bank, 37 NY2d 245, 248-249 [1975]). It also contains the parties' post-contract course of performance, which is "highly probative of their state of mind at the time the contract was signed" (see Gulf Ins. Co. v Transatlantic Reins. Co., 69 AD3d 71, 85-86 [1st Dept 2009]; Waverly Corp. v City of New York, 48 AD3d 261, 265 [1st Dept 2008] ["The best evidence of the intent of parties to a contract is their conduct after the contract is formed"]). After the deal closed, defendant and the investors consistently applied a floor price to analyze the conversion price, and in 2011, one of the investors, Canyon Capital Advisors LLC, stated, "It's clear that if a holder converted today, the conversion price is HK$7.44," and converted its bonds to shares in defendant at that price. The evidence also included material such as press releases, annual reports, and notices to noteholders publicly distributed by defendant (see generally Rudman v Cowles Communications, 30 NY2d 1, 11 [1972]). The absence of protest following such publications indicates that the investors intended what was published. Significantly, after the deal closed, Mart Bakal of plaintiff sent an email admitting that "the lowest price" was HK$7.44, and used this floor price in financial statements issued by plaintiff. In addition, defendant had disclosed to the Hong Kong Stock Exchange that it would issue a maximum of 251,612,903 shares at a floor price of $HK7.44.
We have considered plaintiff's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020