■ INSTITUTE FOR HUMAN DEVELOPMENT AND SOCIAL POLICY, Respondent, v NORTHEASTERN NEW YORK RAILROAD PRESERVATION GROUP, Appellant. [736 NYS2d 177] —Carpinello, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered April 5, 2001 in Warren County, which granted plaintiff's motion for summary judgment.

In March 1995, the parties entered into a written contract whereby plaintiff agreed to prepare grant requests for defendant. The purpose of the anticipated grant was to rehabilitate defendant's railroad track and train depot. In the event that the application was successful, plaintiff was to be paid five percent of the total grant amount as compensation.

In this action commenced by plaintiff for, inter alia, breach of contract, defendant acknowledges that plaintiff's efforts resulted in an award of $460,420 in federal funds. Nonetheless, defendant argues that it has no obligation to pay the agreed compensation because the funds obtained were to be remitted to Washington County and not directly to itself. It is undisputed, however, that the grant proceeds had to be used to improve defendant's property.

On this appeal from an award of summary judgment in plaintiff's favor, we find no support in the record for defendant's contention that there was a mutual mistake of fact vitiating their unambiguous contract. Quite to the contrary, the result here is entirely consistent with the parties' reasonable expectations (*see, Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397, 400). Defendant, having received the benefit of the bargain (*see, id.*, at 401), was appropriately found liable for the agreed-upon compensation due plaintiff. We also find no merit in defendant's argument that Supreme Court's decision was founded in equity and that therefore its award of interest (as provided for in the contract) was inappropriate. Notwithstanding the use of the term "inequitable" in its decision, Supreme Court unequivocally found a breach of contract between the parties.

Mercure, J.P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.