**Marc E. VERZANI, individually and on behalf of all others similarly situated,**

**and**

**Robert J. Verzani, individually as Private Attorney General under the laws of the State of Washington, Plaintiff,**

v.

**COSTCO WHOLESALE CORPORATION, Defendant.**

**No. 09 Civ. 2117(CM).**

United States District Court, S.D. New York.

July 29, 2009.

Decision on Reconsideration Aug. 6, 2009.

William Robert Weinstein, Sanford Wittels & Heisler, LLP, New York, NY, Beh-

ram Viraf Parekh, Kirtland & Packard LLP, Los Angeles, CA, Michael Louis Kelly, Kirtland & Packard, El Segundo, CA, for Plaintiffs.

Alan C. Raul, Sidley, Austin, Brown & Wood, L.L.P., Washington, DC, James Daniel Arden, Eamon Paul Joyce, Sidley Austin LLP, New York, NY, for Defendant.

MEMORANDUM DECISION AND ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS THE FIRST CAUSE OF ACTION (2) DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION; and (3) SUA SPONTE TRANSFERRING CLAIMS UNDER WASHINGTON LAW TO THE WESTERN DISTRICT OF WASHINGTON

McMAHON, District Judge.

Plaintiff consumers, Marc Verzani ("M. Verzani") and Robert Verzani ("R. Verzani"), assert three claims in a class action against defendant, Costco Wholesale Corporation ("Costco"), arising out of the defendant's sale of a grocery item described as a "Shrimp Tray With Cocktail Sauce" ("Tray"). The first claim alleges breach of contract, because the product label showed a net weight of one pound, though the Tray contained less than one pound of shrimp; the second claim seeks damages for Costco's allegedly deceptive acts in trade in violation of Washington State's Consumer Protection Act ("CPA"), Revised Code of Washington ("RCW") 19.86 *et seq.* The third claim, which is really a request for relief rather than a claim, seeks an injunction to prevent Costco from continuing to deceive consumers in violation of the CPA.

Defendant moved to dismiss the original complaint in this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that plaintiffs failed to state a claim upon which relief could be granted. The original plaintiff, M. Verzani, moved for a preliminary injunction to prevent further violations of the CPA; R. Verzani joined in that motion when he joined in the action.

The motion to dismiss Count I of the complaint is granted. The motion for a preliminary injunction is denied because plaintiffs have not established that they are likely to succeed on the merits. Counts II and III, both of which are predicated on Washington law, are severed and transferred to the Western District of Washington.

## I. Background and Procedural History

### A. Facts

Plaintiff M. Verzani is a resident of Scarsdale, New York. (Am. Compl. ¶ 14.) Plaintiff R. Verzani is a resident of Federal Way, Washington. (Am. Compl. ¶ 14.) Both named plaintiffs are members of Costco. (Am. Compl. ¶ 14.)

Defendant is a Washington corporation, based in Issaquah, Washington. (Am. Compl. ¶ 15.) It operates membership clubs in New York and across the country. (Am. Compl. ¶ 15.)

At issue here is the "Shrimp Tray with Cocktail Sauce" product sold in Costco stores throughout the United States. The product consists of approximately 13.5 ounces of shrimp arranged in a ring around a plastic bowl containing 4 ounces of cocktail sauce. (Am. Compl. ¶¶ 7, 26, 32; McEnerney Decl. ¶¶ 5–6.) The package also contains two lemon wedges, together weighing about 1.5 ounces, and a 2–ounce piece of leaf lettuce atop which the component ingredients are set. (Am. Compl. ¶¶ 26, 32; McEnerney Decl. ¶¶ 5–

6.) All these items are enclosed in a plastic package comprised of a black base tray and a clear plastic cover, which "enables a customer to view the contents of the [Tray] before purchase." (Am. Compl. ¶ 25.)

Each package also has a descriptive label that lists the contents of the package. The label is headed "Shrimp Tray With Cocktail Sauce" in large capital letters. (Am. Compl. ¶ 27.) In a smaller font underneath the name, the label lists the product's ingredients in descending order based on their relative weight—"shrimp, lemon wedges, leaf lettuce"—followed by a number of ingredients, like "tomato paste, distilled vinegar, [and] horseradish," that presumably make up the cocktail sauce. (Am. Compl. ¶ 27; Ex. A.) The label shows a "CNT/QTY" of 1 [item] and the "Total Price" of $9.99. (Am. Compl. ¶ 28; Ex. A.) Underneath this information, in the largest font on the package, the label says "NET WT 16oz (1.00 lb)." (Am. Compl. ¶ 28; Ex. A.)

### B. Plaintiff's Original Complaint and Motion for Preliminary Injunction

In the original complaint, M. Verzani (who at the time was the only named plaintiff) asserted two claims against Costco on behalf of himself and a class of similarly situated persons.

First, he alleged that a contract existed between the purchasers of each Tray and the defendant for the sale of one pound of shrimp, and that the contract was breached because the "Shrimp Tray with Cocktail Sauce" included less than one pound of shrimp. (Compl. ¶¶ 38–39.) Plaintiff also contended that defendant violated the covenant of good faith and fair dealing implicit in all contracts by not individually weighing the shrimp contained in each package. (Compl. ¶ 40.)

Second, plaintiff alleged, "Defendant's conduct in connection with its sale of the Shrimp Trays ... constitutes unfair and deceptive acts and practices in trade or commerce in violation of the Washington CPA." (Compl. ¶ 45.): *see* RCW 19.86 *et seq.*[1] To remedy this purported violation, plaintiff sought actual and treble damages, as well as a permanent injunction preventing defendant from "selling its Shrimp Trays unless and until the Shrimp Trays are accurately and non-misleadingly labeled with an accurate measure and clear disclosure of the true weight ...." (Compl. ¶¶ 47–48.) Plaintiff moved for a preliminary injunction requiring defendant, *pendante lite*, to change its labeling to indicate the actual weight of the shrimp in the "Shrimp Tray with Cocktail Sauce."

### C. Defendant's Motion to Dismiss for Failure to State a Claim

Defendant opposed the motion for a preliminary injunction and moved to dismiss

---

1. The Washington statute provides in pertinent part:

 Any person who is injured in his or her business or property by a violation of RCW 19.86.020 ... may bring a civil action in the superior court to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee, and the court may in its discretion, increase the award of damages to an amount not to exceed three times the actual damages sustained: Provided, That such increased damage award for violation of RCW 19.86.020 may not exceed ten thousand dollars; Provided further, That such person may bring a civil action in the district court to recover his or her actual damages, except for damages which exceed the amount specified in RCW 3.66.020 ... For the purpose of this section, 'person' shall include the counties, municipalities, and all political subdivisions of this state. RCW 19.86.090.

both of M. Verzani's causes of action for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6).

As to the claim for breach of contract, Costco maintained that, even if the label could be deemed to create a contract, no term of that contract required Costco to provide a consumer with sixteen ounces of shrimp. To the contrary, defendant argued that the label indicates that the product has sixteen ounces of food. (Mem. in Supp. of Mot. to Dismiss 7.) (Actually, what it says is that the "net weight" of the product—the total weight of a "Shrimp Tray With Cocktail Sauce" less the weight of the packaging—is sixteen ounces). (*See* Pls. Ex. A.) Because the label does not specify that there are sixteen ounces of shrimp in the package, Costco asserts that consumers would reasonably assume that all the food items plainly visible inside the package—shrimp, sauce, lettuce and lemons—taken together, weigh sixteen ounces, the net weight of the "Shrimp Tray with Cocktail Sauce."

As to the consumer protection claim, defendant argued that the Washington CPA did not apply to the purchase made by a New York consumer in a New York store. Rather, defendant argues that New York's consumer protection statute, New York General Business Law § 349(a)—which provides "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful,"—should govern the transaction. (Mem. in Supp. of Mot. to Dismiss 2, 10–20.) Costco argued that it has a complete defense to any claim under the N.Y. Gen.

Bus. Law, because it complied fully with federal law requiring "the quantity of *food* in the package exclusive of wrappers and other material packed therewith" to be listed on the label.[2] (Mem. in Supp. of Mot. to Dismiss 13, quoting 21 C.F.R. § 101.105(g) (emphasis added)); *see* 15 U.S.C. § 1453(a)(2); 21 C.F.R. § 101.105(a); N.Y. Gen. Bus. Law § 349(d). And it claimed that it had a complete defense to any claim under the General Business Law because its packaging complied with federal regulations.

In the alternative, and assuming Washington's consumer protection law did apply to a New York purchase by a New York resident, defendant maintained that plaintiff failed to state a claim under the Washington CPA, because it failed to allege proximate causation. (Mem. in Supp. of Mot. to Dismiss 6 n. 3; Reply Mem. in Supp. of Mot. to Dismiss 9, 10.)

### D. Plaintiffs' Amended Complaint

In response to the motion, on June 12, 2009, plaintiff filed an amended complaint, pursuant to Federal Rule of Civil Procedure 15.

M. Verzani's claim for breach of contract remained largely unchanged, though he added to his breach of contract claim a wholly conclusory allegation that a consumer who read the label would reasonably expect the Tray to include a full pound (sixteen ounces) of shrimp. (Am. Compl. ¶¶ 37–43.) His Second Claim, for relief claim under the Washington Consumer Protection Act, dropped the request for injunctive relief and limited itself to a

---

**2.** New York General Business Law § 349(d) provides in full: "In any such action it shall be a complete defense that the act or practice is, or if in interstate commerce would be, subject to and complies with the rules and regulations of, and the statutes administered by, the federal trade commission or any official department, division, commission or agency of the United States as such rules, regulations or statutes are interpreted by the federal trade commission or such department, division, commission or agency or the federal courts." N.Y. Gen. Bus. Law § 349(d).

request for actual and treble damages. However, M. Verzani asserted a wholly new and separate claim for injunctive relief (Third Claim)—on which he was joined by a new party plaintiff.

The new plaintiff, R. Verzani, is M. Verzani's father. (R. Verzani Reply Decl. in Supp. of Pls. Mot. for Prelim, Inj. ¶ 1.) The elder Mr. Verzani lives in Washington State. (R. Verzani Decl. ¶ 2.) He bought a "Shrimp Tray With Cocktail Sauce" in Washington State. (R. Verzani Decl. ¶ 2.)

M. Verzani and R. Verzani jointly pleaded a new third cause of action for injunctive relief based on violation of the Washington CPA in connection with their separate, transcontinental purchases of Costco's "Shrimp Tray With Cocktail Sauce." With R. Verzani acting as "private attorney general," plaintiffs allege, "Pursuant to the CPA, Defendant should be permanently enjoined from selling its Shrimp Cocktail Trays unless and until they are accurately and non-misleadingly labeled with a legally sufficient measure/disclosure of the weight of the shrimp in each Shrimp Cocktail Tray . . . ." (Am. Compl. ¶ 50.)

On April 21, 2009, before the complaint was amended, M. Verzani filed a motion for a preliminary injunction against further violations of the Washington statute. On June 18, 2009, R. Verzani joined in that motion, which I infer is now being prosecuted under the Third Claim for Relief rather than the Second.

Technically, defendant's motion to dismiss, which was directed to the original complaint, was mooted by the filing of the amended complaint. *Byng v. Campbell,* No. 9:07–cv–471, 2009 WL 152708, at *1 (N.D.N.Y. Jan. 21, 2009). However, so as not to waste the efforts of the parties, this Court considers the motion as directed to the amended complaint. *See, e.g., Mintz v. Baron,* No. 05 Civ. 4904, 2009 WL 735140, at *1 (S.D.N.Y. Mar. 20, 2009); *Forsythe v. New York City Dept. of Citywide Admin. Serv.,* No. 08 Civ. 10151, 2009 WL 928664, at *2 (S.D.N.Y. Apr. 6, 2009) (CM).

## II. Costco's Motion To Dismiss The First Claim for Relief, For Breach of Contract, Is Granted

### A. Standard of Review for 12(b)(6) Motion to Dismiss

Defendant moves to dismiss the complaint for failing to state a claim upon which relief can be granted, under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court is required to accept the material facts alleged in the complaint as true." *Frasier v. Gen. Elec. Co.,* 930 F.2d 1004, 1007 (2d Cir. 1991). The complaint is also to be read generously, with the court drawing all reasonable inferences in favor of the plaintiff. *California Motor Transp. Co. v. Trucking Unlimited,* 404 U.S. 508, 515, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972). However, "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation marks, citations, and alterations omitted). To survive a motion to dismiss, plaintiff must assert facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955.

■ A motion to dismiss is addressed to the face of the pleadings. However, where the claim is for breach of contract, the complaint is deemed to incorporate the

contract by reference because the contract is integral to the plaintiffs' claim. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991). Here, the terms of the contract are allegedly set forth on the label for the product. (*See* Pls. Ex. A; Pls. Ex. B.) Therefore, the entire label is deemed incorporated into the amended complaint.

### B. New York Law Governs Claim for Breach of Contract

■ In determining whether New York or Washington law governs the contract at issue, this Court must first determine if there is a conflict between the laws of the relevant jurisdictions. *Matter of Allstate Ins. Co.,* 81 N.Y.2d 219, 597 N.Y.S.2d 904, 613 N.E.2d 936, 936 (1993). If the laws are in conflict, a federal court in a diversity case follows the choice of law rule of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

■ Because the elements for stating a claim for breach of contract are the same in New York and Washington, no choice of law issue arises. Both states require plaintiff to plead that: 1) a valid, enforceable contract exists; 2) defendant has a right to performance under the contract; 3) defendant has breached the contract; 4) and damages resulted from the alleged breach, *See, e.g., Coastal Aviation Inc. v. Commander Aircraft Co.,* 937 F.Supp. 1051, 1060 (S.D.N.Y.1996); *Fid. and Deposit Co. of Maryland v. Dally,* 148 Wash. App. 739, 201 P.3d 1040, 1044 (2009). Additionally, both states imply a covenant of good faith and fair dealing in each contract. *See, e.g., Dalton v. Educ. Testing Serv.,* 87 N.Y.2d 384, 639 N.Y.S.2d 977, 663 N.E.2d 289, 291 (1995); *Badgett v. Sec. State Bank,* 116 Wash.2d 563, 807 P.2d 356, 361 (1991).

■ Even if a conflict were found to exist, a New York federal court following New York's choice of law rules would find New York contract law governs the case. In a contract dispute in a New York court, "Whether defendant breached the contract ... is determined by the law of the place of performance or, in the alternative, by the law of the state having the most significant contact with the 'matter in dispute.'" *Hutchins v. Bethel Methodist Home,* 370 F.Supp. 954, 961 (S.D.N.Y.1974) (*quoting Auten v. Auten,* 308 N.Y. 155, 124 N.E.2d 99 (1954)). This "center of gravity" or "grouping of contacts" theory allows the court to consider "the spectrum of significant contacts—rather than a single possibly fortuitous event," with heavy weight given to the place of contracting, negotiation and performance; the location of the subject matter of the contract; and the domicile of the contracting parties. *See Matter of Allstate Ins. Co.,* 613 N.E.2d at 939 (internal citations omitted); Restatement (Second) of Conflict of Laws § 188(2).

In this case, New York is the place of the most significant contacts related to the alleged contract for shrimp. The subject matter of the alleged contract (the "Shrimp Tray with Cocktail Sauce,") was in New York at the time of the purchase; the purchase was made by a New Yorker from a store located in New York. (M. Verzani Decl. ¶ 2; Am, Compl. ¶¶ 15, 38.) Though defendant is domiciled in Washington State, it does business in New York and it sells Shrimp Trays like those at issue from Costco locations throughout the State. As a result, New York law governs M. Verzani's breach of contract action.

### C. Plaintiff Fails to State a Claim for Breach of Contract

■ Plaintiff's putative claim for breach of contract arises from the interpretation

of the terms on the label of the Tray. Plaintiff alleges that the label sets out the terms of a contract between the buyer and seller of a "Shrimp Tray with Cocktail Sauce." Plaintiff alleges that the contract is for the purchase/sale of sixteen ounces of shrimp, because no "portion of the prominently stated 'NET WT 16 oz (1.00 lb)' [is] attributed to any 'ingredient' in the Shrimp Tray other than the shrimp." (Am. Compl. ¶¶ 30–34.) He alleges that Costco breached the contract by including only 13.5 ounces of shrimp in the "Shrimp Tray with Cocktail Sauce." (Am. Compl. ¶ 32.)

Defendant concedes the Tray contains less than one pound *of shrimp*. However, defendant says the "net weight" term is not limited only to the shrimp, but rather pertains to the entire contents of the item, net of the weight of the packaging materials. Defendant notes that the product's label (which purportedly sets forth the terms of the contract) does not say that the product contains sixteen ounces of shrimp, and argues that it could thus not have breached the contract by including less than a full pound of shrimp—only by including less than a full pound of food.

Defendant is correct; the first cause of action is dismissed.

■■ Under New York law, the goal of contract interpretation is to honor the intent of the parties "as revealed by the *language* they chose to use." *Seiden Assocs. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir.1992); *W.W.W. Assocs. v. Giancontieri*, 77 N.Y.2d 157, 565 N.Y.S.2d 440, 566 N.E.2d 639, 642 (1990) (emphasis added). To this end, the court must first determine, as a matter of law, whether the contract language is ambiguous, judged by an objectively reasonable person viewing the entire agreement in context and knowing relevant trade practices. *Walk–In Med. Ctrs., Inc. v. Breuer Capital Corp.*,

818 F.2d 260, 263 (2d Cir.1987); *W.W.W. Assocs.*, 566 N.E.2d at 642. This court need not accept plaintiff's interpretation of the language of the contract, although on a motion to dismiss it should resolve any ambiguities in his favor. *Int'l Audiotext Network, Inc. v. AT & T Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam); *67 Wall St. Co. v. Franklin Nat. Bank*, 37 N.Y.2d 245, 249, 371 N.Y.S.2d 915, 333 N.E.2d 184 (1975). Moreover, the court may not read the agreement to make any of its terms meaningless, or construe its language to render particular provisions "mere surplusage." *See Reiss v. Fin. Performance Corp.*, 97 N.Y.2d 195, 199, 738 N.Y.S.2d 658, 764 N.E.2d 958 (2001); *FCI Group Inc. v. City of New York*, 54 A.D.3d 171, 862 N.Y.S.2d 352, 352, 356 (2008).

There is no ambiguity about what appears on the label of a "Shrimp Tray with Cocktail Sauce," and the language there unambiguously *does not* promise a purchaser sixteen ounces of *shrimp*. Plaintiff's argument to the contrary is specious.

At a minimum, the "net weight" encompasses the weight of the shrimp and cocktail sauce, because the product is called "Shrimp Tray *with Cocktail Sauce*," not simply "Shrimp Tray." The term "net weight" means the weight of an item exclusive of its packaging. Blacks Law Dictionary (8th ed.2004). The fictitious "reasonable person" viewing the product through its clear packaging could see that the Tray included more than just shrimp. Contrary to plaintiff's wholly unsupported allegation, a reasonable consumer would not read the label as promising that the package contained sixteen ounces of shrimp. Rather, a REASONABLE consumer (which plaintiff manifestly is not), reading the label, seeing the "net weight" representation and looking through the clear plastic top, would assume that the net weight of the food contained inside the packaging—

shrimp and cocktail sauce (and maybe even the lemon wedges), taken together, weighed sixteen ounces. *See Antilles S.S. Co., Ltd. v. Members of Am. Hull Ins. Syndicate,* 733 F.2d 195, 204 & n. 2 (2d Cir.1984) (Newman, J., concurring). A reasonable consumer would understand that purchasing a ready-to-serve, prepackaged convenience item is different than purchasing shrimp at a fish counter, cocktail sauce in a jar and a lemon at the produce department. The contract is for the prepackaged convenience item— Shrimp Tray *with Cocktail Sauce*—not simply for shrimp. *See Inst. for Human Dev. and Soc. Policy v. Ne. New York R.R. Pres. Group,* 290 A.D.2d 718, 736 N.Y.S.2d 177, 178 (2002). Plaintiff's contention that a reasonable consumer would not assume that the net weight of the product "Shrimp Tray with Cocktail Sauce" includes the cocktail sauce—because the component ingredients of the cocktail sauce are listed individually on the label (which, of course, is required by law), (Pls. Mem. 18) is simply ridiculous. *See, e.g., Cohen v. Rosenstock Motors,* 188 Misc. 426, 65 N.Y.S.2d 481, 482 (Sup.Ct.1946).

 Invocation of the covenant of good faith and fair dealing implied in all New York contracts does not save plaintiff's contract claim from dismissal. This covenant compels each party not take action to destroy the others' rights under the contract. "However, breach·of good faith and fair dealing does not state an independent cause of action." *Dalton,* 663 N.E.2d at 291–92 (internal citations omitted); *Silvester v. Time Warner, Inc.,* 1 Misc.3d 250, 763 N.Y.S.2d 912, 918 (Sup.Ct.2003). Furthermore, the obligation of good faith and fair dealing does not obligate a party to do more than what was expressly promised under the contract—here, provide a "Shrimp Tray with Cocktail Sauce" that weighs sixteen ounces net of packaging.

*See Dalton,* 663 N.E.2d at 292 (internal citations omitted). Plaintiff does not allege that Costco has failed to comply with that express promise; his allegation that the shrimp alone weighed 13.5 ounces does not state a claim for breach of contract to provide sixteen ounces of "Shrimp … *with Cocktail Sauce.*" The First Cause of Action must be dismissed.

Furthermore, this claim must be dismissed with prejudice and without leave to replead, because the evidence submitted BY PLAINTIFF in support of his motion for a preliminary injunction reveals that it would be futile to grant plaintiff leave to replead.

In support of the motion for a preliminary injunction, plaintiffs claim to have engaged in extensive coast-to-coast research, buying multiple "Shrimp Trays with Cocktail Sauce" and weighing not only the entire product (which came in well above sixteen ounces) but also each individual component part (shrimp, lemon wedges, cocktail sauce, even the decorative lettuce leaf on which the shrimp rest). (Am. Compl. ¶¶ 6–7; Weinstein Decl. ¶ 3.) The shrimp weigh 13.5 ounces (Am. Compl. ¶ 7); the sauce weighs four ounces, (Weinstein Decl. Ex. 3; McEnerney Decl. ¶¶ 5–6,) bringing the net weight of the "Shrimp Tray with Cocktail Sauce"—the literal subject of the "contract"—to more than sixteen ounces, without taking the lemon wedges and the lettuce leaf into account! Interestingly, even if the four ounces of sauce are excluded from the net weight of the product, the combined weight of the shrimp, lettuce, and lemon wedges still exceeds the sixteen-ounce net weight listed on the package, according to plaintiff's own research. (Weinstein Decl. Ex. 3; McEnerney Decl. ¶¶ 5–6.)

Therefore, M. Verzani's First Claim for Relief, for breach of contract, is dismissed with prejudice.

### III. R. Verzani's Claim is Severed and Transferred to the Western District of Washington

The two Verzanis purchased trays of shrimp and cocktail sauce—one from a Costco in New York, one from a Costco in Washington State. Each asserts a claim for consumer fraud/deceptive trade practices under the Washington Consumer Protection Act.

Before R. Verzani (the Washington plaintiff) joined this action, Costco moved to dismiss M. Verzani's claim for relief, on the ground that the Washington statute did not apply to a purchase of shrimp by a New York resident from a store in New York State. Costco argued that the only consumer fraud statute applicable to such a claim was New York's statute N.Y. Gen. Bus. Law § 349. Costco more or less deemed the pleading amended and explained at length why plaintiff had failed to state a claim under the General Business Law.

To respond to this argument, a new plaintiff was added, who stood in marked contrast to M. Verzani. R. Verzani lives in Washington. He bought his "Shrimp Tray with Cocktail Sauce" in Washington. Defendant is a Washington corporation, and plaintiffs plead that all the shrimp trays sold nationwide are packaged pursuant to standards "made uniform nationwide by Costco substantially from within its executive offices in Washington State." (Am. Compl. ¶ 15.) There is absolutely no question that Washington law applies to R. Verzani's claim, which he explicitly brings as a private attorney general under that law.

It is quite apparent that R. Verzani's claim has nothing to do with New York. I am, therefore, severing it *sua sponte* it to the Western District of Washington, pursuant to 28 U.S.C. § 1404.

A district court has the power to transfer a case "for the convenience of the parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a), using its discretion to determine convenience in each particular case. *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir.1992). The factors to consider in evaluating convenience and justice are: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." *Albert Fadem Trust v. Duke Energy Corp.*, 214 F.Supp.2d 341, 343 (S.D.N.Y.2002).

All of those factors except plaintiff's choice of forum favor sending the case to Washington. All the witnesses relevant to his claim (i.e., the people who made the policies that resulted in the labeling of the "Shrimp Tray with Cocktail Sauce") appear to reside in Washington, because plaintiffs plead that these decisions were made at Costco's corporate headquarters in Washington. This court's process does not reach to Washington, so I cannot compel any of these witnesses to testify at a trial in New York. All the evidence needed to prove or disprove his claim is in Washington. And while my colleagues on the bench are plenty busy in the Western District of Washington, they are no busier than we are here in the Southern District of New York, and are much more familiar with Washington's Consumer Protection Act. In short, all of the conditions favor transferring this claim to the Western District of Washington, other than plaintiff's choice of forum. The interests of justice augur for having a Washington court determine an issue of such importance under Washington law as between two of its residents.

I recognize that a plaintiff's choice of forum is usually entitled to great weight. However, it is accorded little weight when the plaintiff does not reside in the district. *Mattel, Inc. v. Procount Bus. Serv.*, No. 03 Civ. 7234, 2004 WL 502190, at *5 (S.D.N.Y. Mar. 10, 2004). R. Verzani does not live in this district.

Therefore, R. Verzani's claim is severed and transferred to the Western District of Washington.

### IV. M. Verzani's Motion for a Preliminary Injunction Is Denied

■ This is leaves the court with M. Verzani's claims under the Washington Consumer Protection Act.

M. Verzani has moved for a preliminary injunction to enjoin further violations of the Washington Consumer Protection Act.

M. Verzani's motion for a preliminary injunction is denied.

■ Federal law governs whether a preliminary injunction can issue from a federal court sitting in diversity, *see Baker's Aid v. Hussmann Foodserv. Co.*, 830 F.2d 13, 15 (2d Cir.1987) (per curiam), and considers such action to be an "extraordinary and drastic remedy." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997). Whether the federal court is located in New York or Washington, the standard for issuing a preliminary injunction requires that plaintiff show "irreparable injury and either a likelihood of success on the merits or a sufficiently serious question going to the merits coupled with a balancing of the equities favoring the party seeking injunctive relief." *See Software AG, Inc. v. Consist Software Solutions, Inc.*, No. 08 Civ. 389, 2008 WL 563449, at *20 (S.D.N.Y. Feb. 21, 2008) (CM); *Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir.2008); *Kotok v. Homecomings Fin., LLC*, No. C09–

662RSM, 2009 WL 1652151, at *2 (W.D.Wash. June 12, 2009) (*citing A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir.2001). Where, as here, plaintiff seeks a mandatory injunction, requiring defendant to take affirmative action rather than merely preserve the status quo, a heightened standard requires a "clear or substantial showing of a likelihood of success on the merits." *Almontaser v. New York City Dep't of Educ.*, 519 F.3d 505, 508 (2d Cir.2008) (internal citation omitted).

There are two reasons why I conclude that plaintiff has not made a clear or substantial showing of a likelihood of success on the merits.

The first should be obvious. I have already dismissed M. Verzani's claim for breach of contract, on the ground that a product that contains 13.5 ounces of shrimp and four ounces of cocktail sauce (as measured by plaintiff) does not breach a contract for sixteen ounces (net of packaging) of shrimp in a tray with cocktail sauce. On the evidence presented to the court, plaintiff is not likely to succeed in showing that the product, as packaged by Costco, defrauded consumers. Indeed, he is likely to fail, because the product at issue contains, as measured by plaintiff, 17.5 ounces of the two promised component parts of the "Shrimp Tray with Cocktail Sauce"—shrimp and cocktail sauce. To the extent that there is any deviation from what is promised, it is in the consumer's favor, and so is not a fraudulent or deceptive practice.

Second, plaintiff has not convinced this court that the Washington Consumer Protection Act applies to purchases of shrimp by a New Yorker from a New York emporium. That key question of law remains unsettled. Over a year ago, the Washington Supreme Court took up the question of whether a Washington law passed by the

Washington legislature to protect Washington consumers has nationwide applicability. *See Schnall v. AT & T Wireless Services, Inc.,* 139 Wash.App. 280, 161 P.3d 395 (2007), *review granted,* 163 Wash.2d 1022, 185 P.3d 1194 (2008). Regrettably, the Washington Supreme Court has not yet issued its decision. I am no longer prepared to hold this motion in abeyance, especially since, on the facts of this case, I have concluded that plaintiff is unlikely to prove any fraud or deception, and so would deny the motion for a preliminary injunction even if Washington law did apply.

Therefore, M. Verzani's motion for a preliminary injunctive relief is denied.

### V. M. Verzani's Remaining Claims Are Also Transferred to Washington

The question that remains open is what to do about M. Verzani's claims under Washington law.

Because M. Verzani's claims are factually indistinguishable from the claim of R. Verzani, because Washington is clearly the correct forum for R. Verzani to pursue his newly-asserted claim, because I cannot proceed further with M. Verzani's case until the Washington Supreme Court settles the unsettled question on which his claims (and his entitlement to serve as a class action plaintiff) stands or falls, and because two federal judges do not need to deal with the Verzanis and their obsession with the "Shrimp Tray with Cocktail Sauce," I am *sua sponte* exercising my discretion to transfer M. Verzani's claims under the Washington Consumer Protection Act to the Western District of Washington as well. *See* 28 U.S.C. § 1404.

The Clerk of the Court is directed to enter an order dismissing M Verzani's First Claim for Relief (for breach of contract) and denying M. Verzani's motion for a preliminary injunction, and then to transfer whatever is left of this action to the Western District of Washington. Having done this, the Clerk of the Court is directed to close the file in this matter.

### MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION

In keeping with the court's local rule, I have promptly reviewed the papers submitted by plaintiffs in support of their motion for reconsideration of the court's decision and order dated July 29, 2009. I have concluded that it will not be necessary for defendant to respond to the motion. I am granting it in part and denying it in part, as follows:

(1) Robert J. Verzani and his claims under Washington state law were *improperly* added to this case, for the reason described in the court's July 29 opinion. However, I forgot to mention in the opinion that the addition of Robert Verzani as a party plaintiff also (a) destroyed diversity jurisdiction, which was the only basis for this court's having jurisdiction in the first place; and (b) violated the venue provisions found in 28 U.S.C. § 1391(b), in that the defendant does not reside in this district, no portion of the activity giving rise to Robert Verzani's claim occurred in this district, and the Western District of Washington is a district in which Robert Verzani could have brought his claims.

 Because dismissal of the entire case is not the preferred solution in a case of misjoinder, see Fed.R.Civ.P. 19(b), I chose to sever and transfer Robert J. Verzani's claims to the Western District of Washington (where of course they would immediately be dismissed for lack of subject matter jurisdiction).

It turns out that the better course is simpler: I should have simply severed and then dismissed Robert Verzani's claims for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). I withdraw my original order transferring the case and direct the Clerk of the Court to dismiss the claims of Robert Verzani.

I also direct plaintiff's counsel to show cause why he should not be sanctioned for having added Robert Verzani and his claim to this action in the first place. Please respond within ten business days.

(2) The court is perfectly satisfied with its extensive analysis of Marc Verzani's contract claim and declines to reconsider it. The issues raised by plaintiff in his motion to reconsider are, as far as this court is concerned, red herrings. The only contract that might exist in this case is unambiguously one for a tray containing *shrimp and cocktail sauce*, with the net weight of that product (shrimp and cocktail sauce) being 16 oz. The tray purchased by plaintiff contained shrimp and cocktail sauce with a net weight of slightly more than 16 oz. There was no breach. For that reason, there is also no likelihood of success on the merits of Verzani's claim for a preliminary injunction, and I decline to reconsider that aspect of my order as well.

(3) I will reconsider the order transferring Marc Verzani's claims to the Western District of Washington. I hereby withdraw that portion of my order, and instead enter an order staying what remains of his case and placing it on the suspense calendar of this court pending a decision by the Washington Supreme Court on the applicability of Washington's Consumer Protection Act to a purchase of a product in another state by an out-of-state consumer. Defendant is directed to notify the court when that decision comes down. If the statute applies, I will then transfer the case to Washington; that will preserve Mr. Verzani's right to a federal forum while citing the case where is belongs (for the reasons stated in the July 29 Order). If the statute does not apply, I will immediately dismiss Mr. Verzani's claim under the Washington Consumer Protection Act with prejudice.

For the reasons set forth above and in the court's order dated July 29, 2009, the Clerk of the Court is directed to (1) grant in part and deny in part the motion for reconsideration, and to remove that motion from the court's list of pending motions; (2) sever the claims of Robert Verzani and dismiss them for lack of subject matter jurisdiction, and remove him from the caption; (3) enter an order dismissing Count One (breach of contract), which is asserted only by Marc Verzani; and (3) stay the remainder of the case (i.e., the claims asserted by Marc Verzani under the Washington Consumer Protection Act) pending further notice. What remains of the action is hereby placed on the court's suspense file.

This constitutes the decision and order of the court.