09-3770-cv
Verzani v. Costco Wholesale Corporation

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of July, two thousand ten.

PRESENT: REENA RAGGI,
GERARD E. LYNCH,
DENNY CHIN,
*Circuit Judges*.

-----------------------------------------------------------------------

MARC E. VERZANI, individually and on behalf of all others similarly situated, and ROBERT J. VERZANI, individually as Private Attorney General under the Laws of the State of Washington,

*Plaintiffs-Appellants*,

v.                                                                 No. 09-3770-cv

COSTCO WHOLESALE CORPORATION,

*Defendant-Appellee*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANTS:     WILLIAM R. WEINSTEIN (Behram V. Parekh, Kirtland & Packard, El Segundo, California, *on the brief*), New York, New York.

APPEARING FOR APPELLEE:     JAMES D. ARDEN (Alan Charles Raul, Eamon P. Joyce, *on the brief*), Sidley Austin LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the July 31, 2009 judgment and August 6, 2009 order of the district court are AFFIRMED.

Plaintiff Marc Verzani seeks in this putative class action to hold Costco Wholesale Corporation ("Costco") liable for breach of contract and alleged violations of Washington state's consumer protection law, see Wash. Rev. Code § 19.86.090, based on its labeling of a product, "Shrimp Tray with Cocktail Sauce," in a manner that allegedly overstates the quantity of shrimp it contains. Marc Verzani appeals from the district court's denial of a preliminary injunction barring sales of the Shrimp Tray as currently labeled. See Verzani v. Costco Wholesale Corp., 641 F. Supp. 2d 291, 302 (S.D.N.Y. 2009). Plaintiff Robert Verzani, Marc Verzani's father, who was severed from his son's lawsuit by the district court, appeals from the subsequent dismissal of his claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).[1] See id. at 304. In analyzing these challenges, we assume familiarity with the facts and procedural history, which we reference only as necessary to explain our decision to affirm.

---

[1] Although severance relegated father and son to separate actions in the district court, we address in this summary order the arguments each raises on appeal.

1.    Marc Verzani

We review the denial of a preliminary injunction for abuse of discretion. See SEC v. Dorozhko, 574 F.3d 42, 45 (2d Cir. 2009). A preliminary injunction may be granted only upon a showing of (1) likely irreparable harm, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, with the balance of hardships tipping decidedly in the movant's favor. See Doninger v. Niehoff, 527 F.3d 41, 47 (2d Cir. 2008). A showing of irreparable harm is the "single most important prerequisite" for issuance of a preliminary injunction. Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009).[2]

We identify no abuse of discretion in the district court's denial of a preliminary injunction because Marc Verzani has failed even to allege irreparable injury. Indeed, on appeal, Marc Verzani concedes that the asserted harm, though allegedly "continuing," is "monetary" in nature. Pls.' Reply Br. at 6-7. "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506, 510 (2d Cir. 2005). In an effort to avoid this conclusion, Marc Verzani asserts that he pursues his claim

_____

[2] Neither party has suggested that, and therefore we have no occasion to consider whether, the Supreme Court's decision in eBay Inc. v. MercExchange, LLC, 547 U.S. 388 (2006), has any application here. Marc Verzani's request for a preliminary injunction fails under this Court's precedent both before and after eBay.

as a "private attorney general" under Washington law. As such, he contends, he need not demonstrate irreparable harm. Cf. United States v. Diapulse Corp. of Am., 457 F.2d 25, 28 (2d Cir. 1972) (holding irreparable injury not required where government agency sought preliminary injunction barring sale of misbranded medical device). As we explained in Diapulse, however, the "function of a court in deciding whether to issue an injunction authorized by a statute of the United States to enforce and implement Congressional policy is a different one from that of the court when weighing claims of two private litigants." Id. at 27; cf. Monsanto Co. v. Geertson Seed Farms, --- S.Ct. ----, 2010 WL 2471057, at *11 (June 21, 2010) (requiring showing of irreparable injury for non-government plaintiff's request for injunctive relief for violations of federal statute). This case falls into the latter category. Our conclusion regarding irreparable injury renders it unnecessary for us to review the district court's determination that Marc Verzani's claim was "likely to fail" on the merits. Verzani v. Costco Wholesale Corp., 641 F. Supp. 2d at 302; see Spiegel v. Schulmann, 604 F.3d 72, 80 n.2 (2d Cir. 2010) (noting that court of appeals may affirm on any ground record supports).

To the extent Marc Verzani seeks interlocutory review of the district court's dismissal of his breach of contract claim pursuant to Fed. R. Civ. P. 12(b)(6), we lack jurisdiction to entertain such a challenge to a non-final order. See In re World Trade Ctr. Disaster Site Litig., 521 F.3d 169, 178 (2d Cir. 2008). Review of the dismissal is not "necessary to ensure

4

meaningful review of" the denial of a preliminary injunction, i.e., the two issues are not "inextricably intertwined." Rein v. Socialist People's Libyan Arab Jamahiriya, 162 F.3d 748, 758 (2d Cir. 1998). Nor will we address Marc Verzani's request for leave to file a second amended complaint adding claims under New York law because the district court has not ruled on that request.

2.  Robert Verzani

Because Robert Verzani has been severed from the action initiated by his son, he may appeal the dismissal of his claim pursuant to Fed. R. Civ. P. 12(b)(1) even though no final judgment has issued in the original lawsuit. See Spencer, White & Prentis, Inc. v. Pfizer, Inc., 498 F.2d 358, 361 (2d Cir. 1974) (observing that "appeal from a judgment on a validly severed single claim may be timely taken as of right notwithstanding the pendency of the remaining claims or counterclaims"); 7 Charles Alan Wright et al., Federal Practice and Procedure § 1689 (3d ed. 2001) ("Once a claim has been severed . . . it proceeds as a discrete unit with its own final judgment, from which an appeal may be taken."). On appeal from such a dismissal, we review the district court's factfinding for clear error and its legal conclusions de novo. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

We express no view as to Robert Verzani's contention that he was properly joined in his son's putative class action pursuant to 28 U.S.C. § 1332(d), because the district court's severance order pursuant to Fed. R. Civ. P. 21 is not an appealable final judgment. See 28

5

U.S.C. § 1291; cf. Garber v. Randell, 477 F.2d 711, 714 (2d Cir. 1973) (noting on appeal from consolidation order under Fed. R. Civ. P. 42 that because severance is "both discretionary and interlocutory" it is "not ordinarily appealable").[3]  Severance having occurred, however, we agree with the district court that it lacked jurisdiction to adjudicate the Washington state law claims of Robert Verzani, a resident of Washington, against Washington-based Costco.  See 28 U.S.C. § 1332.

We have considered plaintiffs' remaining arguments on appeal, and we conclude that they are without merit.  Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] Although Garber acknowledges the possibility of hearing an interlocutory challenge to a severance ruling pursuant to the collateral order doctrine, see 477 F.2d at 715, Robert Verzani does not suggest that the doctrine applies here.